IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| United States of America ) | |
| ) | Cr. No. 5:04-964 |
| vs. ) | |
| ) | |
| Kelvin Jerod Holman, ) | **ORDER AND OPINION** |
| ) | |
| Defendant. ) | |
| _____) | |

On May 30, 2006, Defendant Kelvin Jerod Holman pleaded guilty to conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. On December 3, 2006, before sentencing and while Defendant was out on bond, Defendant was arrested by the South Carolina Highway Patrol and charged with driving under the influence. The United States Probation Office ("USPO") moved to revoke Defendant's $100,000 bond, and the court issued an arrest warrant on December 8, 2006. The court commenced sentencing proceedings on December 19, 2006. Defendant failed to appear. The court issued a bench warrant. On June 1, 2007, Defendant was arrested.

A presentence investigation report ("PSR") was prepared that attributed to Defendant 13,125 grams of cocaine base and 27,306 grams of cocaine, and 56.6 kilograms of marijuana, for a total marijuana equivalent of 268,037.8 kilograms. Defendant had 0 criminal history points, for a criminal history category of I. Defendant's base offense level was 38. He received a 2-level increase under U.S.S.G. § 3B1.1(c) for being an organizer, leader, manager, or supervisor in a criminal activity and a 2-level increase for obstruction of justice, for a total offense level of 42. Defendant's statutory sentence under 21 U.S.C. § 841(b)(1)(A) was 10 years to life. His sentencing guidelines range was

360 months to life imprisonment. On August 6, 2008, Defendant was sentenced to incarceration for a period of 360 months, to be followed by a term of supervised release for 5 years. Judgment was entered on August 12, 2008.

On appeal, the Court of Appeals for the Fourth Circuit determined that the court had erred in failing to evaluate Defendant's role in the offense in light of the factors set forth in U.S.S.G. § 3B1.1, cmt. 4. The Fourth Circuit affirmed Defendant's conviction but remanded for resentencing. The court held a resentencing proceeding on May 10, 2010. An amended judgment committing Defendant to the custody of the Bureau of Prisons for 360 months, to be followed by a term of 5 years of supervised release, was entered on May 13, 2010. Defendant's current release date is February 16, 2033.

The First Step Act of 2018 made retroactive changes to certain offenses promulgated under the Fair Sentencing Act. Under the current statutory scheme, § 841(b)(1)(A) requires at least 280 grams of cocaine base, rather than 50 grams, to trigger the penalties to which Defendant was subjected. Pursuant to § 841(b)(1)(B), a person with no prior "serious drug felonies" is subject to a sentence of not less than 5 years and not more than 40 years, to be followed by a term of supervised release of not less than 4 years.

On January 22, 2019, Defendant, proceeding pro se, filed a motion to reduce sentence under the First Step Act. On May 13, 2019, the court denied Defendant's motion to reduce sentence on the grounds that, utilizing the current Sentencing Guidelines, Defendant's guidelines range remains at 360 months to life imprisonment. Defendant appealed. On May 4, 2020, the Fourth Circuit remanded the case in light of United States v. Wirsing, 943 F.3d 175 (4th Cir. 2019), and United States v. Gravatt, 953 F.3d 258 (4th Cir. 2020). The USPO filed an amended sentence reduction

report on May 14, 2020. Using current calculations, Defendant is attributed 131,959.17 kilograms of marijuana equivalent. His base offense level is 38, plus a 2-level increase for his role in the offense and a 2-level increase for obstruction of justice, for a total offense level of 42. A level 42, criminal history category I yields a guidelines range of 360 months to life in prison.

Defendant, through counsel, filed a supplemental motion to reduce sentence on June 9, 2020, asking the court to apply a 1:1 variance and to reduce his sentence to 188 months' imprisonment. Defendant further contends that there is a significant sentencing disparity between him and his co-defendant, Kelvin Tyler, simply because Tyler's early cooperation with the government was deemed materially helpful to the prosecution of Defendant and others, thereby earning Tyler a reduced sentence. The government filed a response in opposition on June 23, 2020.

## DISCUSSION

A.     Statutory Mandatory Minimum Sentence

As an initial matter, the court must determine whether the statutory mandatory minimum sentence of 240 months to life for cocaine found in 21 U.S.C. § 841(b)(1)(A) overrides the lower statutory mandatory minimum sentence of 5 years to 40 years for cocaine base established in § 841(b)(1)(B). See United States v. Gravatt, 953 F.3d 258, 264 n.5 (4th Cir. 2020) ("Of course, statutory mandatory minimum terms remain in effect for certain drug offenses. Even if a defendant's sentence involves a covered offense, the district court's review of a defendant's First Step Act motion cannot avoid those statutory requirements.").

In this case, the plea agreement, presentence report, sentencing transcript, and statement of reasons do not distinguish between the powder cocaine or the cocaine base for purposes of sentencing. Thus, the record creates an ambiguity as to whether Defendant's sentence was driven

by the cocaine or cocaine base portions, or both, of the conspiracy charge. Where there is ambiguity as to which penalty applies to a defendant, the rule of lenity requires the court to impose the less strict of the two penalties. See Kasten v. Saint-Gobain Performance Plastics Corp., 563 U.S. 1, 16 (2011) (holding that when there is ambiguity in interpreting the statutory penalty the rule of lenity applies and leads courts to impose "a more lenient interpretation of a criminal statute"); see also United States v. Rodriquez, 553 U.S. 377, 405–06 (2008) (Souter, J., dissenting) ("The rule [of lenity] is grounded in 'the instinctive distaste against men languishing in prison unless the lawmaker has clearly said they should,' and . . . means that the Court will not interpret a federal criminal statute so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess. . . ." )(citation omitted)).

Other district courts in the Fourth Circuit have recognized that the rule of lenity applies in First Step Act motions when there is ambiguity as to what was the underlying basis for the sentence imposed, and granted relief based on the penalty from the cocaine base charge of multi-object conspiracy. See United States v. Jones, Criminal No. JKB-96-00399, 2020 WL 886694, at *2 (D. Md. Feb. 24, 2020) (applying the rule of lenity as to a conviction for conspiracy to distribute cocaine base and heroin, and assuming that the defendant was convicted only of conspiracy to distribute crack cocaine); United States v. Carrie, Cr. No. 3:09-930-04 (CMC), 2019 WL 3493832, at *3 (D.S.C. Aug. 1, 2019) (applying the rule of lenity to conviction for conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base and finding that, had the Fair Sentencing Act been in effect at the time of sentencing, the defendant would have admitted guilt only to conspiracy to possess with intent to distribute 50 grams or more of cocaine base); United States v. Barber, Cr. No. 0:09-207-04 (CMC), 2019 WL 2526443, at *2 (D.S.C. June

4

19, 2019) (same).  The court finds these decisions to be persuasive.  Therefore, the court applies the rule of lenity and finds that Defendant's original sentence was based upon the statutory mandatory minimum sentence for cocaine base charge of Count 1.  Defendant's mandatory sentence under § 841(b)(1)(B) is not less than 5 years and not more than 40 years, to be followed by a term of supervised release of at least 4 years.

B.      Sentencing Guidelines Calculations

As noted above, Defendant's guidelines sentence has not changed.  In United States v. Wirsing, 943 F.3d 175, 184 (4th Cir. 2019), the Fourth Circuit found that the First Step Act provides explicit permission for a court to modify a sentence.  Further, in United States v. Chambers, 956 F.3d 667, 674 (4th Cir. 2020), the Fourth Circuit held that the sentencing factors articulated in 18 U.S.C. § 3553(a) apply in First Step Act cases.  The Fourth Circuit further determined that a court may vary from the Sentencing Guidelines and may consider the defendant's post-sentencing conduct in modifying a defendant's sentence.  Id.

In this case, Defendant's disciplinary record reveals that Defendant has been sanctioned for use of drugs/alcohol on April 6, 2020; for possessing a hazardous tool on January 23, 2020; for possessing a hazardous tool (cell phone) on February 4, 2017; for assaulting another on December 29, 2014; for refusing a work assignment on September 26, 2013; and for engaging in sexual acts on September 6, 2013.  Defendant submits that he had taken classes on anger and stress management, as well as African-American studies classes and accounting classes; a 40-hour drug class and at least one noninstitutional religious-based class.  Defendant works as an HVAC technician in the institution.

CONCLUSION

     Although Defendant's record with the Bureau of Prisons is spotty, the court notes that these six infractions are the only sanctioned conduct presented to the court with respect to Defendant's incarceration with the Bureau of Prisons since 2008. Accordingly, the court has taken into account the § 3553(a) factors, particularly the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; and the need to avoid unwarranted sentence disparities. The court also will vary to apply a 1:1 cocaine/cocaine base ratio, which yields a total drug amount of 65.32 kilograms of cocaine. Defendant's base offense level becomes 34, plus a 2-level increase for role in the offense, plus a 2-level increase for obstruction, for a total offense level of 38. An offense level of 38 and a criminal history category of I results in a sentencing guidelines range of 235 to 293 months. The court finds that Defendant's sentence should be modified as follows: Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 235 months as to Count 1, to be followed by a term of supervised release for 5 years. All other provisions of the judgment entered May 13, 2010 remain in effect.

     **IT IS SO ORDERED**.

                                                 /s/ Margaret B. Seymour
                                                 Senior United States District Judge

Columbia, South Carolina

September 10, 2020