IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

United States of America            )
                                    )    Cr. No. 5:04-964
            vs.                     )
                                    )
Kelvin Jerod Holman,                )        **ORDER AND OPINION**
                                    )
                    Defendant.      )
_____)

On January 22, 2019, Defendant Kelvin Jerod Holman, proceeding pro se, filed a motion to reduce sentence under the First Step Act of 2018. The court initially denied Defendant's motion, and Defendant appealed. On May 4, 2020, the Court of Appeals for the Fourth Circuit remanded in light of United States v. Wirsing, 943 F.3d 175 (4th Cir. 2019), and United States v. Gravatt, 953 F.3d 258 (4th Cir. 2020). On September 14, 2020, the court issued an order granting Defendant's motion and reducing his sentence from 360 months to 235 months incarceration.

This matter now is before the court on Defendant's motion for reconsideration, which motion was filed on December 28, 2020. Defendant contends that he did not receive the benefit of Amendment 782 to the United States Sentencing Guidelines, which amendment "reduced by two levels the offense levels assigned to the quantities that trigger the statutory mandatory minimum penalties, resulting in corresponding guideline ranges that include the mandatory minimum penalties[,] . . . except that the minimum base offense level of 6 and the maximum base offense level of 38 for most drug types is retained[.]" United States Sentencing Guidelines, Amendment 782, Reason for Amendment. In this case, the drug amount attributed to Defendant at the time of sentencing – 717,411.2 kilograms of marijuana equivalent – comprised a base offense level of 38. Under current law, the drug amount attributed to Defendant after consideration of Amendment 750

– 131,959.17 kilograms of marijuana equivalent – still comprises a base offense level of 38, and, absent the court's order granting compassionate release, would not be affected by Amendment 782.

In its September 14, 2020 order, the court granted Defendant a variance to apply a 1:1 cocaine/cocaine base ratio, which yielded a drug amount of 65.32 kilograms of cocaine. The 2008 Sentencing Guidelines utilized when Defendant was sentenced would have placed 65.32 kilograms of cocaine at a base offense level of 36. However, the court used the current Sentencing Guidelines to calculate a base offense level of 34. Defendant received the benefit of Amendment 782 when the court reduced his sentence to 235 months.

Defendant's motion for reconsideration (ECF No. 404) is **denied as moot**.

**IT IS SO ORDERED**.


/s/ Margaret B. Seymour
Senior United States District Judge


Columbia, South Carolina

August 20, 2021

2